# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WILLIE MURRY JUQAN MUHUMMAD**                                                          **PLAINTIFF**
**ADC #097878**

v.                              Case No. 4:21-cv-00483-LPR

**COBBS, et al.**                                                                                **DEFENDANT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition (PFRD) submitted by United States Magistrate Judge Jerome T. Kearney. No objections have been filed and the time to do so has expired. After a careful and *de novo* review of the PFRD and the record, the Court concludes that the PFRD should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.[1]

IT IS, THEREFORE, ORDERED THAT:

---

[1] One point bears emphasis. Many excessive-force claims will not be subject to the *Heck* bar. That is true even when the relevant state conviction is for battery or a similar offense. The reason this excessive-force claim is subject to the *Heck* bar is that it is based entirely on the premise that Officer Cobbs initiated the physical confrontation and Mr. Muhummad only engaged in self-defense. That is to be distinguished from a case where an inmate admits he started the physical confrontation but alleges an officer used too much force in response or used force after it was necessary to do so. *See McCann v. Neilsen*, 466 F.3d 619, 622–23 (7th Cir. 2006) (no *Heck* bar because complaint could be read to allege that plaintiff's initial assault of officer did not justify officer's subsequent use of deadly force); *Dyer v. Lee*, 488 F.3d 876, 882–83 (11th Cir. 2007) (no *Heck* bar because plaintiff alleged that she kicked officer before the alleged excessive force occurred and that the alleged excessive force occurred after the altercation had ended). Mr. Muhummad does not make such allegations. For example, he does not allege that he started the fight and say the officers' punches or use of pepper spray were a disproportionate response or occurred after he stopped defending himself. Even if he had taken that tack and avoided the *Heck* bar, summary judgment would still be appropriate. Guards are only liable for excessive force when the force was completely unjustified and used maliciously and sadistically, not when it was applied in a good faith effort to maintain or restore discipline. *See e.g.*, *Howard v. Barnett*, 21 F.3d 868, 871–72 (8th Cir. 1994); *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008); *see also Burns v. Eaton*, 752 F.3d 1136, 1139–40 (8th Cir. 2014) (prison official's use of pepper spray is justified when dealing with a recalcitrant inmate). Assuming Mr. Muhummad started the fight (as would be necessary to avoid the *Heck* bar), it is clear from the video that the responsive use of force (including, but not limited to, the punching and the pepper spray) was reasonable. Mr. Muhummad refused to comply with the officers' orders, physically resisted the officers, and posed a legitimate danger up until the moment he was handcuffed. At the absolute minimum, the officers would be shielded by qualified immunity because their actions did not violate any clearly established law.

1. Defendants' Motion for Summary Judgment (Doc. 39) is GRANTED.

2. Judgment will be entered in favor of Defendants Cobbs and Thomisee. All other claims in this case will be dismissed without prejudice based on prior Orders.

IT IS SO ORDERED this 10th day of January 2023.

                                                   _____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE